IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 16, 2026

## STATE OF TENNESSEE v. TRACI MARIE HOUSE

**Appeal from the Circuit Court for Robertson County
No. 74CC1-2024-CR-793A          Robert Bateman, Judge**

_____

**No. M2025-01227-CCA-R3-CD**
_____

The defendant, Traci Marie House, pled guilty to attempted possession of a firearm after having been convicted of a prior violent felony, and the trial court imposed a sentence of twelve years' incarceration in the Tennessee Department of Correction. On appeal, the defendant argues the trial court erred in denying her motion to reconsider her sentence. After reviewing the record and considering the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Daniel M. Shearon, White House, Tennessee, (at motion to reconsider sentencing and on appeal), and Brandi J. Jones, Springfield, Tennessee, (at guilty plea hearing), for the appellant, Traci Marie House.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Joshua R. Gilbert, Legal Assistant (pro hac vice); Robert J. Nash, District Attorney General; and Jason C. White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

### I.     Guilty Plea

On November 21, 2024, the defendant was indicted for simple possession of methamphetamine (count one), possession of a firearm after having been convicted of a prior violent felony (count two), and possession of drug paraphernalia (count three). On January 13, 2025, the defendant pled guilty to the lesser-included offense of attempted possession of a firearm after having been convicted of a prior violent felony (count two).[1] Pursuant to the plea agreement, the defendant agreed to a twelve-year sentence of confinement as a Range III offender. The facts underlying the plea, as explained by the State, were as follows:

> [O]n May 7, 2024, Deputy Garrett of the Sheriff's Department was on patrol on that evening when he noticed a vehicle sitting at the gas pumps here in Springfield for a prolonged period of time.
>
> Once the vehicle finally pulled out, Deputy Garrett got behind the vehicle and followed the vehicle. As the vehicle was heading to Orlinda, on two occasions Deputy Garrett observed the vehicle cross the fog line, documented that on his camera.
>
> As the vehicle got into Orlinda, he made the stop based on that traffic violation and found [the defendant] to be the driver and Scotty House the passenger. At that point he approached the vehicle. When he went back to the vehicle to run some information, he thought there was a no-contact order between the two.
>
> The backup officer, Sergeant Bellamy, had arrived on the scene and was up in the front of the vehicle. At that point Sergeant Bellamy sees a pipe, a broken pipe that is consistent with being a meth pipe. He asked the two occupants to step out of the vehicle.
>
> As Scotty House steps out of the vehicle, she hands Sergeant Bellamy some marijuana. At that point Deputy Garrett goes back to the front and both deputies pull both individuals out of the vehicle due to probable cause of the pipe and the marijuana.
>
> At that point, in the backseat in a bank bag, Deputy Garrett finds a .22 one-shot – or revolver. That is, the frame and receiver are both there, but they are not attached. He questions [the defendant].

---

[1] Counts one and three were dismissed as part of the plea agreement.

So it's in the vehicle, he questions [the defendant] at the scene. She says – she's given *Miranda* – and she says that it's not her gun. It's the owner of the vehicle's gun, a Ms. Tiffany Cook. She says, "But I knew it was in there. I saw it two hours ago when I was at my brother's." So she makes an admission that she knew the gun was there at that point.

If this had gone to trial, we had Ms. Cook under subpoena. And Ms. Cook would come in and her testimony would be that [the defendant] and Scotty did not have a place to stay. So the night before this, the night of the 6th, she had allowed them to stay at her house.

[The defendant] saw the gun, which was her, Ms. Cook's dad's old gun. And then [the defendant] asked for the gun and Ms. Cook gave it to her. Because Ms. Cook had the revolver and the frame and did not – had not fired it or used it or anything. And that [the defendant] – she gave [the defendant] the gun. That would be her testimony if she had to testify at trial.

Also, after the trial conference on 12/12, [the defendant] used a jail phone call at the jail. She was calling another female. In that phone call she gives a different story: She gives the story that Tiffany Cook had fronted her 14 grams of meth and that she took the 14 grams of meth.

And that, when asked, "Well, how did the gun get in the car?" [The defendant] makes the comment, "Well, I didn't turn it down." So she gives a different story than Ms. Cook, but the same story as to the gun. Consistent with what Ms. Cook says, that Ms. Cook gave [the defendant] the gun. As to the gun itself, Your Honor, it does meet the definition of a firearm because it is the frame and receiver.

Deputy Patterson, the evidence custodian and firearm handler here at the county, took it out to fire it. He says it is an operable gun, has a firing pin. The only thing that's missing is the little pin that holds the cylinder into the frame. Says you can pick that up at Walmart or any gun shop.

## II. Motion to Reconsider Sentencing

On January 16, 2025, the defendant filed a pro se motion for furlough which the trial court denied without a hearing on January 17, 2025. On January 24, 2025, the defendant filed a pro se motion to reconsider her sentence. Counsel was appointed, and the defendant filed an amended motion in which she argued, in part, that she had been provisionally accepted into several drug rehabilitation programs and that she "accepted a

- 3 -

plea deal . . . under misunderstood terms and was under the belief that furlough into a treatment facility for medical reasons and/or drug treatment was an option in her plea." An evidentiary hearing was held on July 17, 2025.

The defendant testified that she used drugs her "whole life," including "[p]ills, weed, meth, cocaine, [and] crack." According to the defendant, she received provisional acceptance into Hope Center Ministries, Focus Freedom House, and Mending Hearts. She stated that, after completing treatment, she would return to the Robertson County Sheriff if needed. Although she knew furlough was not an immediate option, her plea counsel informed her that she could write to the trial court and request a furlough hearing at a later date. On cross-examination, the defendant agreed that she had numerous convictions for burglary, vandalism, forgery, and aggravated burglary and that she had violated her probation in the past. She also agreed that she received a reduction in both range and class as a result of her plea agreement. The defendant admitted that the State specifically mentioned at the guilty plea hearing that her sentence would be "to serve."

Following its review of the evidence presented, the trial court denied relief, and this timely appeal followed.

*Analysis*

On appeal, the defendant contends the trial court erred in denying her motion to reconsider her sentence. Specifically, the defendant contends she presented "new and persuasive evidence – namely her eligibility and acceptance into a structured drug treatment program." The State contends that the defendant waived her claim by inadequate briefing and, in the alternative, that the trial court properly denied the motion to reconsider.[2]

As an initial matter, we note that the defendant's brief is inadequate as to her argument on this issue. The defendant failed to provide a standard of review, used conclusory phrases, and stopped mid-sentence during her argument. Consequently, this issue is waived. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); Tenn. R. App. P. 27(a)(7). Waiver notwithstanding, the defendant's issue lacks merit.

---

[2] The State also appears to argue that the defendant's claim should be dismissed because there is no right of appeal from an order denying a request for furlough. We agree that no such right of appeal exists. *See State v. Bean*, No. M2009-02059-CCA-R3-CD, 2011 WL 917038, at *2 (Tenn. Crim. App. Mar. 16, 2011), *no perm. app. filed*. However, the State seems to conflate the defendant's argument that the trial court erred in denying her request for furlough, which was included in her motion to reconsider her sentence, with her motion for furlough filed on January 17, 2025, which is not the basis of this appeal.

Tennessee Rule of Criminal Procedure 35(a) provides that a defendant may petition the trial court for a reduction of sentence within one hundred and twenty days of the entry of judgment or the revocation of probation. Rule 35 allows for the modification of a sentence when appropriate in the interest of justice. *State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991). Our standard of review is whether the trial court has abused its discretion in denying a defendant's motion for reduction of sentence. *State v. Irick*, 861 S.W.2d 375, 76 (Tenn. Crim. App. 1993). If a defendant has pleaded guilty with an agreement as to the sentence, he must show a post-sentencing change in circumstances to justify a reduction or modification of the sentence. *State v. Patterson*, 564 S.W.3d 423, 434 (Tenn. 2018). However, if he pleaded guilty without a sentencing agreement, he is not required to make a particular showing in order to obtain a reduction if the interests of justice require. *Id.* at 433-34.

The defendant argues that the evidence of her acceptance into drug treatment programs demonstrates "her rehabilitative potential" and that denying her access to inpatient treatment "undermines both the proportionality and purpose of sentencing." The defendant pled guilty to her sentence and has not shown any change in circumstances to justify her requested sentence modification. The trial court found the defendant was a poor candidate for furlough, noting the defendant's numerous prior convictions. The trial court noted that, although the plea agreement did not refer to a furlough, it specifically stated "twelve years *to serve*, TDOC, as a Range 3 Offender" (emphasis added). Additionally, the trial court noted that the defendant received a reduction in both class and range as part of her plea agreement. Upon our review, we conclude the trial court did not abuse its discretion in denying the motion for a sentence reduction. *See State v. Hall*, No. M2018-00096-CCA-R3-CD, 2019 WL 451368, at *2 (Tenn. Crim. App. Feb. 5, 2019) ("A defendant's willingness to enter a rehabilitation program or a defendant's completion of a rehabilitation program is not the type of 'unforeseen, post-sentencing' development that may serve as the basis for a modification of a sentence.") (quoting *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994)). The defendant is not entitled to relief on this issue.

Finally, we note one issue concerning the judgments in this case. While the transcript from the guilty plea hearing shows the State was entering a nolle prosequi as to counts one and three, the trial court did not enter separate judgment forms for those counts. *See* Tenn. R. Crim. P. 32(e)(3) ("If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall enter judgment accordingly."); *State v. Berry*, 503 S.W.3d 360, 364 (Tenn. 2015) (order) ("For charges resulting in a not guilty verdict or a dismissal, the trial court should 'enter judgment accordingly' as to the respective count."). Therefore, we remand the case to the trial court for entry of judgments reflecting the dismissal of counts one and three.

*Conclusion*

For the aforementioned reasons, the judgment of the trial court is affirmed. However, we remand this case for entry of judgments in counts one and three.

s/ *J. ROSS DYER*
J. ROSS DYER, JUDGE